IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMCORE CORP.,

    Plaintiff,

v.                                                                                                                                    No. 12-cv-0985 SMV/RHS

TECHNOCOM SYSTEMS SDN BHD,[1]

    Defendant.

## ORDER DENYING MOTION TO STRIKE

THIS MATTER is before the Court on Defendant's Evidentiary Objections to, and Motion to Strike, Declarations of Alfredo Gomez and Richard Carson Proffered by Plaintiff in Opposition to Defendants' Motion to Dismiss [Doc. 26] ("Motion" or "Motion to Strike"), filed on March 11, 2013. Plaintiff responded on March 25, 2013. [Doc. 29]. Defendant did not reply, and the time for doing so has passed. The Court heard from the parties at oral argument on May 20, 2013. The Court, being fully advised in the premises, finds that the Motion is not well-taken; the objections should be overruled and the motion denied.

### Background

Plaintiff filed its Complaint [Doc. 1] on September 20, 2012, seeking damages for breach of contract. On January 24, 2013, Defendant moved to dismiss the Complaint for improper service and lack of personal jurisdiction. [Doc. 22]. Plaintiff responded to the motion to dismiss on February 25, 2013, attaching several exhibits, two of which are the subject of the instant

---

[1] Another defendant—Venture Corp., Ltd—was originally named, but the parties voluntarily dismissed it, and the caption was amended. [Doc. 31].

motion. Specifically, Plaintiff attached declarations by its employees, Richard Carson and Alfredo Gomez. [Docs. 24-3, 24-4]. Defendant objects to the declarations and moves to strike them because, Defendant argues, they do not comport with the rules of evidence. [Doc. 26].

## Analysis

When a defendant challenges personal jurisdiction, "the plaintiff must only make a prima facie showing of personal jurisdiction." *Melea, Ltd. v. Jawer, S.A.*, 511 F.3d 1060, 1065 (10th Cir. 2007). "The plaintiff may meet this burden by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.* (internal quotation marks omitted). Moreover, while a plaintiff's jurisdictional allegations are not automatically accepted as true when contradicted by affidavit, "if the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

Defendant moves to strike the declarations of Mr. Carson and Mr. Gomez but cites no authority to support striking them, other than the Rules of Evidence. [Doc. 26]. However, at this stage of the litigation, Plaintiff is not required to prove jurisdictional facts with admissible evidence. Plaintiff need only allege facts that, if taken as true, would support jurisdiction over Defendant. Even if Defendant disputed the factual allegations in the declarations, which is unclear from Defendant's motion, any such dispute would necessarily be resolved in Plaintiff's favor. *See TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007). Thus, the objections are overruled.

**IT IS THERFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Evidentiary Objections are **OVERRULED**, and its Motion to Strike [Doc. 26] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**